IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Tanoka R. Acker,<br><br>              Plaintiff,<br><br>vs.<br><br>The Bank of New York Mellon, f/k/a<br>The Bank of New York as successor to<br>JP Morgan Chase Bank, National<br>Association, as Indentured Trustee<br>For the registered holders of ABFS<br>Mortgage Loan Trust 2002-2,<br>Mortgage-Backed Pass-Through<br>Certificates, Series 2002-2, et al.,<br><br>              Defendant. | Civil Action No. 6:17-cv-980-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court upon the motion of *pro se* plaintiff Tanoka R. Acker for a temporary restraining order ("TRO") and/or preliminary injunction (doc. 6) to be issued against the defendant The Bank of New York Mellon (hereafter "Bank"). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

The plaintiff Acker's complaint (doc. 1), filed April 14, 2017, and her motion for a TRO and/or preliminary injunction (doc. 6), filed April 25th, present allegations that the defendant Bank is pursuing a foreclosure action in the Greenville County Court of Common Pleas[1] against Acker and "has scheduled a foreclosure sale" of Acker's property at 552

---

[1] While Acker does not provide copies of relevant filings from her state court case, they are publicly available online at https://www2.greenvillecounty.org/scjd/publicindex, Case Number 2016-CP-23-01685. The court may take judicial notice of matters of public

West Washington Street in Greenville, South Carolina, for May 1, 2017. She alleges that the foreclosure is improper, as the conduct of the Bank (and/or its predecessors) in obtaining and collecting on the underlying note and mortgage was fraudulent and predatory in violation of state and federal law, including the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and other cited statutory provisions (doc. 1, p. 2). Acker alleges that she will be irreparably harmed if the sale is allowed to proceed, as the property is both her residence and business (doc. 6, p. 10).

A review of the underlying state foreclosure action, 2016-CP-23-01685, reveals that the Bank instituted the case on March 14, 2016, with the filing of a complaint seeking foreclosure (doc. 10-1). On April 20, 2016, Acker, represented by counsel, filed an answer denying the Bank's claim and asserting a counterclaim of entitlement to "take advantage of any other programs of the Federal Government which might assist her in this action not moving forward at this time" (doc. 10-2). On December 1, 2016, the presiding Master in Equity granted the Bank's motion for summary judgment and issued an order and judgment of foreclosure and sale (doc. 10-3). On March 28, 2017, the Bank served Acker by mail with notice of the sale. Acker then filed her case here on April 14, 2017 (doc. 1).

On April 27, 2017, the defendant filed a response in opposition to the plaintiff's motion (doc. 10). A hearing on the plaintiff's motion was held before the undersigned on that same date with both the plaintiff and counsel for the defendant present.

## APPLICABLE LAW AND ANALYSIS

A TRO is a drastic remedy that serves an exceedingly narrow purpose. It exists only to preserve the *status quo* until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) (citing

---

record. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). In addition, the defendant attached copies of the state court foreclosure complaint, answer, and foreclosure order (docs. 10-1, 10-2, 10-3) to its response in opposition to the plaintiff's motion for TRO and/or preliminary injunction.

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty*., 415 U.S. 423, 439 (1974)). The standard for granting a request for a TRO and entering a preliminary injunction are identical. *See, e.g., Sauer-Danfoss (US) Co. v. Nianzhu Luo*, C.A. No. 8:12-3435-HMH, 2012 WL 6042831, at *1 (D.S.C. Dec. 5, 2012) (citing *Commonwealth of Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for TRO)). In order for such injunctive relief to be granted, the movant must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). All four requirements must be satisfied. *Real Truth About Obama, Inc., v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010).

The first *Winter* factor is dispositive here, as Acker has not demonstrated that she is likely to succeed on the merits. Initially, to the extent that Acker is attempting to appeal or set aside the state court's order and judgment of foreclosure and sale, this court lacks subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts. *See District of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983)*; Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). *See also Brown & Root. Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir.2000) (stating the *Rooker–Feldman* doctrine prevents the plaintiff "from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights") (citation omitted). In any event, Acker had the opportunity to pursue the purported federal claims she raises here as defenses or counterclaims in her state court action; indeed, she cited her entitlement to "any federal programs" as a counterclaim there. Despite the order and judgment of foreclosure and sale

3

having been issued on December 1, 2016, the state court docket does not show that Acker subsequently challenged it by motion or appeal.

To the extent, if any, that Acker's claims here are independent from and not inextricably intertwined with the state court's judgment in the foreclosure proceedings, the court further finds that Acker has failed to establish a likelihood of success on the merits. In her complaint, Acker alleges that she obtained the mortgaged property through the probate court in 2013 and that the Bank lacked standing to foreclose its mortgage because she was not a party to the original instrument. She further challenges the Bank's ability to foreclose as a real party in interest in South Carolina. However, these are matters for interpretation of state law, and do not alone evoke federal jurisdiction. While she cites to F.R.C.P. 1.130 and 1.1210(a) as supporting law, these are citations to the Florida Rules of Civil Procedure, rather than federal law. In addition, her claim that the Bank did not comply with "loan modification requirements of *South Carolina and by Order of the Chief Justice Jean Toal*" (doc. 6, p. 3) is clearly a matter of state law.

Acker also alleges that the loan underlying the note and mortgage was predatory and was accomplished without meaningful disclosures to the borrower, in violation of the TILA, 15 U.S.C. § 1601 *et seq.*, and its implementing Regulation Z. TILA requires lenders to provide consumer borrowers with disclosure of the terms and conditions of the loans they make, including home mortgages. Generally, if a mortgage lender fails to comply with TILA, as relevant here, the borrower has the right to seek damages or rescission of the loan within three years of the date it was made. *See* 15 U.S.C. § 1635[a] and [f]. Acker is not likely to succeed on her TILA/Regulation Z claim here. As set forth in the state court's order and judgment of foreclosure and sale, Acker's father obtained the loan in 2002, so any right of rescission for noncompliance with TILA expired in 2005.

Lastly, Acker cites the protections afforded to her by the Protecting Tenants at Foreclosure Act ("PTFA"). The PTFA was enacted by Congress in 2009 and offered

4

tenants (rather than owners like Acker) certain temporary relief from eviction from foreclosed properties. However, the PTFA by its own terms expired on December 31, 2014, and was not extended by Congress. *See* Title VII of the Helping Families Save Their Homes Act of 2009, Pub. L. No. 111-22 (effective May 20, 2009).

As for the remaining *Winter* factors, while Acker has shown that she will suffer irreparable harm with the foreclosure and sale of her property, she has not shown that the balance of the equities tip in her favor, nor that a TRO for her individual case is in the public interest. The Bank has proven to the satisfaction of the state court that the debt owed has not been paid, and Acker's property secures that debt. Nothing presented by Acker here changes that result. At the hearing, Acker admitted that she was aware that the property had been mortgaged by her father, and after his death in 2010, she took title to it from the probate court in 2013. She has since lived and/or worked there for approximately three years and has failed to successfully manage the debt that came with it to avoid foreclosure. As such, the equities here favor the Bank. The public's broader interest in orderly debt collection and foreclosure would not be served by the intervention of this court in the pending sale.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the plaintiff's motion for TRO and/or preliminary injunction (doc. 6). should be denied.

                                                               s/ Kevin F. McDonald
                                                               United States Magistrate Judge

April 27, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).