IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Tanoka R. Acker,<br><br>                Plaintiff,<br><br>vs.<br><br>The Bank of New York Mellon, f/k/a<br>The Bank of New York as successor to<br>JP Morgan Chase Bank, National<br>Association, as Indentured Trustee<br>For the registered holders of ABFS<br>Mortgage Loan Trust 2002-2,<br>Mortgage-Backed Pass-Through<br>Certificates, Series 2002-2, et al.,<br><br>                Defendant. | Civil Action No. 6:17-cv-980-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, who is proceeding *pro se*, filed this action on April 14, 2017, alleging that the defendant is pursuing a foreclosure action against her in the Greenville County Court of Common Pleas that is improper, as the conduct of the defendant Bank (and/or its predecessors) in obtaining and collecting on the underlying note and mortgage was fraudulent and predatory in violation of state and federal law, including the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and other cited statutory provisions (doc. 1, p. 2).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On May 31, 2017, the defendant filed a motion to dismiss for failure to state a claim (doc. 27). On June 1, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion for summary judgment and motion to dismiss procedures and the possible consequences if she failed to respond adequately (doc. 28).

The plaintiff did not respond to the motion. As the plaintiff is proceeding *pro se*, the court filed a second order on July 17, 2017, giving the plaintiff through August 7, 2017, in which to file her response to the motion to dismiss (doc. 31). The plaintiff was again specifically advised that, if she failed to respond, this action would be dismissed for failure to prosecute. The plaintiff did not respond.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
> 
> (2) the amount of prejudice to the defendant caused by the delay;
> 
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
> 
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and she is thus entirely responsible for her actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no response has been filed. Meanwhile, the defendant is left to wonder when the action against it will be resolved. The plaintiff has not responded to the defendant's motion to dismiss or the court's orders requiring her to respond. Accordingly, the undersigned concludes the plaintiff has abandoned her lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution

2

pursuant to Rule 41(b). Should the district court adopt this recommendation, the defendant's motion to dismiss (doc. 27) will be rendered moot.

        IT IS SO RECOMMENDED.

                                              s/ Kevin F. McDonald
                                              United States Magistrate Judge

August 15, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).