

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| TANOKA R. ACKER,　　　　　　　　　§ | | |
| 　　　Plaintiff,　　　　　　　　　　　§ | | |
| 　　　　　　　　　　　　　　　　　　§ | | |
| vs.　　　　　　　　　　　　　　　　　§ | Civil Action No. 6:17-00980-MGL | |
| 　　　　　　　　　　　　　　　　　　§ | | |
| THE BANK OF NEW YORK MELLON,　§ | | |
| f/k/a The Bank of New York as successor　§ | | |
| to JP Morgan Chase Bank, National　　§ | | |
| Association, as Indentured Trustee for the § | | |
| registered holders of ABFS Mortgage Loan § | | |
| Trust 2002-2, Mortgage-Backed Pass-Through § | | |
| Certificates, Series 2002-2, et al.,　　　§ | | |
| 　　　Defendant.　　　　　　　　　　§ | | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION, DISMISSING THIS ACTION FOR LACK OF PROSECUTION PURSUANT TO FED. R. CIV. P. 41(b), AND RENDERING MOOT DEFENDANT'S MOTION TO DISMISS**

This case was filed as a 28 U.S.C. § 1345 foreclosure action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting this action be dismissed for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) and Defendant's motion to dismiss be rendered moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de

novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 15, 2017, but Plaintiff failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court this action is **DISMISSED** for lack of prosecution pursuant to Fed. R. Civ. P. 41(b), and Defendant's motion to dismiss is accordingly **RENDERED MOOT**.

**IT IS SO ORDERED**.

Signed this 30th day of August, 2017, in Columbia, South Carolina.

                                     s/Mary Geiger Lewis
                                     MARY GEIGER LEWIS
                                     UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.